The Honorable Eric Harris State Representative Post Office Box 796 Lowell, AR 72745
Dear Representative Harris:
I am writing in response to your request for an opinion on behalf of the City of Springdale on the following:
 Arkansas Code Ann. § 27-22-104 provides that "[i]t shall be unlawful for any person to operate a motor vehicle within this state unless the vehicle is covered by a certificate of self-insurance under the provisions of § 27-19-107, or by an insurance policy issued by an insurance company authorized to do business in the state." Furthermore, Arkansas Code Ann. § 27-22-104 provides that "a failure of the vehicle insurance database to show current insurance coverage at the time of the traffic stop creates a rebuttable presumption that the motor vehicle is uninsured."
 Given the foregoing, would the ACIC return "No Insurance Information Available" constitute sufficient probable cause to stop a vehicle? More specifically, would this return create the rebuttable presumption that the vehicle has no insurance pursuant to Arkansas Code Ann. § 27-22-104?
RESPONSE
In my opinion it will be helpful to address your second question first. The answer to your second question, in my opinion, is "no," a return from the database of "No Insurance Information Available" does not alone create a rebuttable presumption that the vehicle has no insurance. Section27-22-104(a)(2) (Supp. 2005) of the Arkansas Code requires both that the Vehicle Insurance Database ("VID") fail to show current insurance coverage and that the operator of the vehicle fail to present proof of insurance before the rebuttable presumption of no insurance arises. See State v. Kelley, Ark., S.W.3d (Jun. 16, 2005). With respect to your first question, in my opinion, under the strict factual scenario posited in your request for an opinion and the attached letter, it is highly unlikely that a court would accept as probable cause to justify a traffic stop the mere failure of the VID to contain information on a vehicle's insurance.
Question 2 — More specifically, would this return create therebuttable presumption that the vehicle has no insurance pursuantto Arkansas Code Ann. § 27-22-104?
In response to this question, my opinion is that a "no insurance information available"[1] response from a VID check does not alone give rise to the rebuttable presumption of no insurance under A.C.A. § 27-22-104(a)(2).
The language in your request for an opinion quoting A.C.A. §27-22-104 is drawn directly from the letter provided as an attachment from the Springdale City Attorney. This quotation is incomplete. The full text of A.C.A. § 27-22-104(a)(2) states:
 Failure to present proof of insurance coverage at the time of arrest and a failure of the Vehicle Insurance Database to show current insurance coverage at the time of the traffic stop creates a rebuttable presumption that the motor vehicle is uninsured.
Id. (emphasis added). The conjunctive "and" under a plain and ordinary reading of the statute requires both that the operator fail to present a physical proof of insurance and that the electronic query by the police officers fail to show current insurance coverage before the presumption of a lack of valid insurance arises. Furthermore, the Arkansas Supreme Court has directly addressed this presumption noting the same two requirements before the presumption of a lack of insurance will arise. Kelley v. State, supra.
In my opinion, A.C.A. § 27-22-104 requires both the failure of the operator of a vehicle to show proof of insurance and the failure of the electronic database to show current insurance coverage as predicates to the presumption of a lack of insurance. As a consequence, the answer to your second question is "no," the "return" of a "No Insurance Information Available" does not create a rebuttable presumption in this regard.
Question 1 — Would the ACIC return "No Insurance InformationAvailable" constitute sufficient probable cause to stop avehicle?
Your first question is whether an ACIC return of "no insurance information available" would constitute probable cause to stop a vehicle. The letter from the Springdale City Attorney attached to your request specifies that this question is regarding whether a traffic stop may be "based solely" on this electronic query. In my opinion, under this specific hypothetical situation, it is highly unlikely that a court would accept a "no insurance information available" response from the VID alone as probable cause for a traffic stop.
A police officer must possess probable cause that a motor vehicle has violated a traffic law to initiate a traffic stop.Sims v. State, 356 Ark. 507, 157 S.W. 3d 530 (2004); see alsoLaime v. State, 347 Ark. 142, 60 S.W.3d 464 (2001); andMeraz-Lopez v. State, Ark. App., S.W.3d (Jun. 29, 2005). The Arkansas Supreme Court has defined probable cause as "facts or circumstances within a police officer's knowledge that are sufficient to permit a person of reasonable caution to believe that an offense has been committed by the person suspected."Laime, 347 Ark. at 153 (citation omitted).
In my opinion, it is highly unlikely that a court would accept as supported by probable cause a traffic stop solely premised on the VID lacking information on whether or not a motor vehicle was insured. As noted above, a failure of the VID to identify current insurance does not give rise to a presumption of no insurance. The response of "no insurance information available" means that the database contains neither information of cancelled or expired insurance nor information of valid insurance. It would seem to be a stretch for a person of reasonable caution to believe that the operator of a motor vehicle has committed a criminal offense solely because a computer database that may not have been updated, contains no information regarding that individual's insurance status. It is my opinion that a court is not likely to accept a "no information available" response from a VID query as sufficient basis to support probable cause for a traffic stop.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
[1] As noted in the letter from the Springdale City Attorney attached to your request, a VID check will inform an officer whether there is valid insurance, there is expired, cancelled, or revoked coverage, or there is no information available. The response that no insurance information is available is separate and distinct from the response that an insurance policy has lapsed or been removed. The designation of no insurance information available means just that: there is no information available whether this motor vehicle either is or is not properly insured. As noted on the Department of Finance and Administration website, a VID response of either no insurance or no insurance information available "may . . . be an error in the information provided [to the VID] which must be corrected. . . ." http://www.arkansas.gov/dfa/driver_services/ds_faqs.html (last visited on March 3, 2006).